UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| VIET FAMILY, INC., <br> d/b/a NextGen AG Lime <br>             Plaintiff, <br><br> vs. <br><br> THOMAS A. FREIDEL, THOMAS J. FREIDEL, TIMOTHY FREIDEL, <br><br>             Defendants. | 4:23-CV-04186-RAL <br><br><br> OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

Defendants Thomas A. Freidel, Thomas J. Freidel, and Timothy Freidel ("the Freidels") moved to dismiss Plaintiff Viet Family, Inc.'s ("Viet") Complaint for forum non conveniens. Doc. 13. For the reasons stated herein, the motion is granted.

**I.    Facts and Procedural History**

Viet is a South Dakota corporation based out of Madison, South Dakota. Doc. 1 at 1. The Freidels are residents of and own property in Hanson County, South Dakota. Id. On July 27, 2023, Viet and the Freidels signed a two-page Access and Exploration Agreement ("Agreement"). Id. at 2. Under the terms of the agreement, the Freidels granted Viet a lease of 314 acres of the Freidels' property in Hanson County, South Dakota, for two years so that Viet could explore the property for minerals. Doc 1-1 at 1. The Agreement contains a "Governing Law" provision, which states "[t]his lease shall be governed by, construed and enforced in accordance with the laws of the state of South Dakota in State Circuit Court." Id. at 2. Viet alleges, and the Freidels deny, that the two-page Agreement attached a multi-page Mineral Lease Agreement to be entered into by the

1

parties for mining of materials if Viet's exploration found valuable minerals on the Freidels' land.[1] Doc. 1-1 at 1–14.

Viet was the "Lessee" and the Freidels were the "Lessor" in the Agreement. Doc. 1-1 at 1. The Agreement also contains a "Confidentiality" clause that states "Lessor agrees to keep all data and other information provided by Lessee to Lessor confidential and agrees not to make any disclosure not required by federal, state, or local law, without the prior written consent of Lessee." Id. at 2. According to the Complaint, Viet through its exploration activities identified valuable minerals on the property and provided the Freidels with confidential information, which included trade secrets. Doc. 1 at 2–3. Viet alleges that the Freidels refused to enter into the Mineral Lease Agreement, disclosed the confidential information and trade secrets to Viet's competitors, and sought a better deal than they had struck with Viet. Id. at 3.

In November 2023, Viet filed a Complaint against the Freidels for damages and injunctive relief. Doc. 1. Viet's Complaint contains eight counts: 1) misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"); 2) misappropriation of trade secrets under the South Dakota Uniform Trade Secrets Act ("SDUTSA"); 3) declaratory judgment that the Agreement is valid; 4) breach of the Agreement; 5) breach of implied covenant of good faith and fair dealing; 6) unjust enrichment; 7) specific performance; and 8) injunctive relief. Id. The DTSA triggers federal jurisdiction, and this Court then would have supplemental jurisdiction over the remaining state-law claims.

---

[1] The Agreement stated: "In the event that the exploration activities indicate that Minerals in paying quantities exist on the Property, the Lessor and Lessee agree to entered [sic] into a Mineral Lease Agreement in substantially the same form, and with the same terms, as the Mineral Lease Agreement attached hereto as **Exhibit A**." Doc. 1-1 at 1. Resolution of whether Exhibit A was in fact attached to the Agreement signed by the Freidels is not necessary to this decision.

2

The Freidels moved to dismiss Viet's Complaint for forum non conveniens, asserting that all claims, including those sounding in tort, are subject to the forum-selection clause that requires litigation be held in "State Circuit Court." Doc. 13; Doc. 1-1 at 2. Viet filed a response, opposing dismissal. Doc. 15. This Court heard oral argument on the motion to dismiss in September 2024.

## II.   Discussion

### A.   Enforceability of Forum-Selection Clauses

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non-conveniens*." Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex., 571 U.S. 49, 60 (2013). "Forum-selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 (8th Cir. 1999). When parties enter into an agreement with a valid forum-selection clause, the plaintiff's choice of forum "merits no weight and the plaintiff has the burden of establishing that enforcement of the clause is unwarranted." Heldt v. Payday Fin., LLC, 12 F.Supp.3d 1170, 1178 (D.S.D. 2014).

In this case, Viet does not dispute that the "Governing Law" provision in the Agreement contains a valid forum-selection clause, nor does Viet assert that the forum-selection clause at issue is unjust, unreasonable, or invalid for reasons of fraud or overreach. Doc. 15. Instead, Viet argues that dismissal is improper for two reasons: 1) the Freidels cannot enforce a forum-selection clause in a contract that they contend they entered into fraudulently; and 2) the forum-selection clause does not apply to tort claims or a claim for unjust enrichment. Id. at 5.

### B.   Viet's Arguments Against Enforcing this Forum-Selection Clause

#### 1.   Fraud in the Inducement

Viet first argues that the Freidels cannot enforce the forum-selection clause because Defendants claim that their assent to the Agreement was procured through fraud. Doc. 15 at 3. This Court disagrees. A "forum-selection clause in a contract is not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion." Marano Enters. of Kan. v. Z-Teca Rests., L.P., 254 F.3d 753, 757 (8th Cir. 2001) (quoting Scherk v. Alberto–Culver Co., 417 U.S. 506, 519 n.14 (1974)). However, a "general allegation by [a party to an agreement] that it was induced by fraud to enter into the [agreement] is insufficient to raise an issue that the forum-selection clauses within [the agreement] may be unenforceable because of fraud." Id.

Here, the Freidels admit to signing the two-page Agreement that contains the forum-selection clause but dispute whether there was an "Exhibit A" Mineral Lease Agreement attached to the document at the time the Freidels signed the Agreement. Doc. 16 at 2. The Freidels thus claim that their assent to the Agreement, so far as Viet claims Exhibit A was part of it, was procured through fraud. But the Freidels do not claim their assent to the portion of the Agreement containing the forum-selection clause itself was procured through fraud. Because the Freidels do not allege that the inclusion of the forum-selection clause was the product of fraud, the forum-selection clause is enforceable despite their assertion that their assent to Exhibit A as part of the Agreement was procured through fraud.

### 2. Scope of the Forum-Selection Clause

Viet next argues that its tort and unjust enrichment claims, Counts 1, 2, and 6, fall outside of the scope of the forum-selection clause. Doc. 15 at 3. Viet does not dispute that its contract-related claims, Counts 3, 4, and 5, are subject to the forum-selection clause.

The Eighth Circuit uses a two-step approach to determine whether tort claims are covered by a forum-selection clause. "[F]irst the court considers the specific language of the forum

4

selection clause . . . ." Alliance Comm'ns Coop., Inc. v. Global Crossing Telecomms., Inc., No. Civ. 06–4221, 2007 WL 1964271, at *12 (D.S.D. July 2, 2007). "The scope of forum selection clauses is a matter of contractual interpretation." Id. at *8. "Whether tort claims are to be governed by forum selection provisions depends upon the intention of the parties reflected in the wording of particular clauses and the facts of each case." Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 693 (8th Cir. 1997) (citation omitted). When a forum-selection clause either unambiguously applies to tort claims or excludes tort claims, the language controls. See High Plains Const., Inc. v. Gay, 831 F. Supp. 2d 1089, 1100 (S.D. Iowa 2011) (finding tortious interference claim fell within forum-selection clause where there was "no ambiguity in the meaning of the forum-selection clause").

However, when the language does not clearly indicate the intended scope of the clause, the Eighth Circuit has recognized three "generally applicable tests" adopted by other courts of appeals to help guide the determination. Terra Int'l, Inc., 119 F.3d at 694. Courts consider "1) whether the tort claims 'ultimately depend on the existence of a contractual relationship between the parties;' 2) whether resolution of the claims 'relates to interpretation of the contract;' and 3) whether the claims 'involve the same operative facts as a parallel claim for breach of contract.'" Beckley v. Auto Profit Masters, L.L.C., 266 F. Supp. 2d 1001, 1005 (S.D. Iowa 2003) (quoting Terra Int'l, Inc., 119 F.3d at 694–95). Although the Eighth Circuit applied only the "same operative facts" test in Terra Int'l, Inc., "the court did not embrace one specific test—instead indicating that each may be instructive depending on the facts of the case." Alliance Comm'ns Coop., Inc., 2007 WL 1964271, at *11.

The Freidels, relying on the third "same operative facts" test, argue that Viet's tort claims are covered by the forum-selection clause because the tort claims are based on "the same operative

5

facts as would a parallel claim for breach of contract." Doc. 14 at 5 (quoting Terra Int'l, Inc., 119 F.3d at 694). Viet disagrees, arguing first that this Court should not even reach step two because the forum-selection clause's use of the phrase "this lease" explicitly limits the scope of the clause to claims involving "the governance, construction, and enforcement of this lease," which, Viet argues, would exclude tort claims. Doc. 15 at 4. Viet alternatively argues that even if the clause was not clear, none of the three tests would counsel in favor of the clause encompassing its tort claims. Id. at 6.

First, this Court looks at the language of the forum-selection clause at issue to determine whether the parties intended the clause to cover tort claims. The Agreement states "[t]his lease shall be governed by, construed and enforced in accordance with the laws of the state of South Dakota in State Circuit Court." Doc. 1-1 at 2. At the September 2024 hearing, the parties agreed that "this lease" refers to the two-page Agreement. The clause by its terms relates to "the governance, construction, and enforcement" of the Agreement. The clause's use of "this lease" seems to limit its reach to claims that "arise under" the Agreement. See Ormand v. Sanford Clinic, No. CIV. 09-4161, 2010 WL 2207745, at *2 (D.S.D. May 26, 2010) ("The forum selection clause applies to disputes that arise under the employment agreement because the sentence containing the forum selection clause begins with the phrase '[t]his Agreement.'"). Viet does not dispute that its contract claims in Counts 3, 4, and 5 are governed by the forum-selection clause. See id. at *3 (dismissing declaratory judgment, breach of contract, and breach of implied covenant of good faith claims under forum-selection clause).

The Eighth Circuit decision in Terra International, Inc. guides whether to read the forum-selection clause here as governing the remaining claims because the clause "does not clearly indicate whether the clause applies to [Viet's] tort claims." 119 F.3d at 693. In Terra International,

6

Inc., the plaintiff entered into a licensing agreement with the defendant which allowed the plaintiff to use the defendant's neutralizer technology to reduce ammonium nitrate emissions. Id. at 690. The licensing agreement contained a forum-selection clause that stated "[a]ny dispute or disputes arising between the parties hereunder, insofar as the same cannot be settled by friendly agreement, will be determined in the District Court of the United States for the Southern District of Mississippi." Id. (cleaned up). After a deadly explosion occurred at the plaintiff's factory several years later, the plaintiff sued the defendant in the United States District Court for the Northern District of Iowa, raising two tort claims: negligence relating to the design of the neutralizer technology and failure to train and warn employees regarding the technology and strict liability. Id. The defendant moved to transfer the case to the United States District Court for the Southern District of Mississippi based on the forum-selection clause, which the plaintiff resisted by arguing that the clause only applied to contract claims. Id. The Iowa federal district court held that the forum-selection clause applied to the plaintiff's tort claims and transferred the case to Mississippi. Id. at 691. The Eighth Circuit affirmed. The Eighth Circuit endeavored to interpret the forum-selection clause and held that "the parties intended the forum selection clause . . . to apply only to disputes arising under the license agreement." Id. at 693. The Court then proceeded to decide whether the plaintiff's tort claims were disputes that "[arose] under the license agreement." Id.

There is some difference in the language between the forum-selection clause in Terra International, Inc.—"[a]ny dispute or disputes arising between the parties hereunder . . . will be determined in the District Court of the United States for the Southern District of Mississippi"— and the forum-selection clause at hand—"[t]his lease shall be governed by, construed and enforced in accordance with the laws of the state of South Dakota in State Circuit Court." Compare 119 F.3d at 690, with Doc. 1-1 at 2. Akin to what the Eighth Circuit found, this Court agrees that the

7

parties intended the forum-selection clause to apply to claims that arise under the Agreement relating to "the governance, construction, and enforcement" of the Agreement. However, as in Terra International, Inc., the clause does not address tort claims, so this Court turns to the "three generally applicable tests" outlined in Terra International, Inc.

"Although determining the scope of a forum selection clause is a rather case-specific exercise, several courts have offered further guidance on this issue and have articulated variously phrased general rules regarding the circumstances in which a forum selection clause will apply to tort claims." Id. at 694. The first of the three tests is from the Third Circuit and asks whether the tort claims "ultimately depend on the existence of a contractual relationship" between the parties. Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 203 (3d Cir. 1983). Counts 1 and 2 allege that the Freidels misappropriated trade secrets in violation of federal and South Dakota law. Doc. 1 at 4-5. The first test is "not very instructive" in determining whether the forum-selection clause applies to the trade secret claims. Terra Int'l, Inc., 119 F.3d at 694. Neither the DTSA nor the SDUTSA require a contractual relationship between the parties. See Jim Hawk Truck-Trailers of Sioux Falls, Inc. v. Crossroads Trailer Sales & Serv., Inc., 655 F. Supp. 3d 825, 842 ("Both [the DTSA and SDUTSA] require a two-step inquiry: first, the court must decide whether [the plaintiff] has a protectable trade secret, and second . . . whether any of the defendants misappropriated the trade secrets."). Yet the Freidels received what confidential information Viet alleges to be trade secrets under the Agreement after Viet had done the exploration authorized by the Agreement. The first test weighs slightly for finding the forum-selection clause to apply.

The second test offers better guidance here on Counts 1 and 2. The second test is from the Ninth Circuit and asks whether resolution of the claims "relate[] to interpretation of the contract." Manetti–Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 514 (9th Cir. 1988). Viet alleges that

8

the Freidels acquired confidential information during their exploration activities and that the confidential information included trade secrets. Doc. 1 at 3. To succeed on claims for misappropriation of trade secrets under both the DTSA and SDUTSA, Viet would have to prove that it took measures to maintain the secrecy of the information. See 18 U.S.C. § 1839(3)(A); SDCL § 37-29-1(4)(ii). Confidentiality agreements or agreements with confidentiality provisions could be measures to maintain secrecy. See Ahern Rentals, Inc. v. EquipmentShare.com, Inc., 59 F.4th 948, 955 (8th Cir. 2023) (holding that requiring employees to sign non-disclosure agreements was a reasonable step to maintain secrecy of alleged trade secret); Allstate Ins. Co. v. Fougere, 79 F.4th 172, 192–93 (1st Cir. 2023) (finding Allstate took reasonable steps to maintain secrecy of alleged trade secrets by including confidentiality provisions in its exclusive agency agreements). Here, Viet and the Freidels signed an agreement with a "Confidentiality" clause, requiring the Freidels "to keep all data and other information provided by [Viet] to [the Freidels] confidential and . . . not to make any disclosures not required by federal, state, or local law, without the prior written consent of [Viet]." Doc. 1-1 at 2. Resolution of the trade secrets claims may involve interpretation of the "Confidentiality" clause to determine if the clause covers the information Viet alleges to be trade secrets. The second test somewhat supports applying the forum-selection clause to Counts 1 and 2.

The third test is most applicable to Counts 1 and 2 in this case and is the test on which the Defendants rely. The third test is from the First Circuit and asks whether the claims involve "the same operative facts as a parallel claim for breach of contract.". Lambert v. Kysar, 983 F.2d 1110, 1121–22 (1st Cir. 1993). "[C]ontract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties." Id. "This prevents rewarding attempts to evade enforcement of forum selection

9

agreements through artful pleading of [tort] claims in the context of a contract dispute." Alliance Comm'ns Coop., Inc., 2007 WL 1964271, at *10 (citation omitted and cleaned up). Viet alleges the Freidels acquired confidential information through Viet's exploration activity under the Agreement, and that some of the confidential information included trade secrets. Doc. 1 at 3. Viet further alleges that because the Freidels disclosed trade secrets, their conduct constituted misappropriation of trade secrets under federal and South Dakota law. Id. at 4-5. Viet also claims that the disclosure of confidential information was a breach of the Agreement. Id. at 6. Viet not only "could have asserted a parallel claim for breach of contract in the same complaint" based on these facts, but Viet literally does. Terra Int'l, Inc., 119 F.3d at 695. The exact same facts underlying the trade secrets claims are what give rise to Viet's claim for breach of the "Confidentiality" provision of the Agreement. Doc. 1 at 6. Thus, Viet's tort claims arise under the Agreement and are subject to the forum-selection clause.

The Complaint in Count 6 asserts quantum meruit/unjust enrichment. Id. at 7. Although unjust enrichment is an equitable claim, courts apply the Terra International, Inc. analysis to determine whether a forum-selection clause applies. See Faloni & Assocs., LLC v. Citibank N.A., CIV 19-4195, 2021 WL 1381203, at *5 (D.S.D. Apr. 12, 2021) (collecting cases). Viet alleges it is entitled to recovery of any benefit conferred on the Freidels for their actions that were not covered by the Agreement. Doc. 1 at 7. Viet does not allege any specific conduct entitling them to unjust enrichment. The second and third tests in Terra International, Inc. are informative.

First, recovery for unjust enrichment will likely require an interpretation of the Agreement. Under South Dakota law, unjust enrichment is "unavailable when the rights of the parties are fixed by the terms of a written contract." Burch v. Bricker, 724 N.W.2d 604, 609 (S.D. 2006). Thus,

recovery necessarily requires, as Viet recognizes in its Complaint, "a determination that any part of Viet's actions were not under or were beyond the details of the parties' contract." Doc. 1 at 7.

Second, Viet's unjust enrichment claim "involve[s] the same operative facts as a parallel claim for breach of contract." Lambert, 983 F.2d at 1121–22. Although, as noted above, a party cannot prevail on both a claim for unjust enrichment and breach of contract on the same exact facts, see Burch, 724 N.W.2d at 609, Viet's claims for unjust enrichment and breach of contract were pleaded based on the same facts, Doc. 1 at 7. Indeed, Viet recognizes that there may not be any daylight between the facts supporting its claim for breach of contract and the facts supporting its claim for unjust enrichment. Doc. 1 at 7 ("If, and to the extent there is a determination that any part of Viet's actions were not under or were beyond the details of the parties' contract . . . ." (emphasis added)). Thus, Viet's unjust enrichment claim arises under the Agreement and is subject to the forum-selection clause.

### III. Conclusion

The forum-selection clause in the Agreement between Viet and the Freidels applies to Viet's Complaint, including its tort claims and claim for unjust enrichment. Therefore, it is

ORDERED that Defendants' Motion to Dismiss for Forum Non Conveniens, Doc. 13, is granted.

DATED this 17th day of October, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE